IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BLAKE JONES PLAINTIFF

vs. CASE NO. 5:23-CV-05162

SILOAM SPRINGS, ARKANSAS, et al. DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Blake Jones, proceeding pro se, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against Siloam Springs, Arkansas ("City") and members of the Siloam Springs Police Department – Chief Allan Gilbert, Officer Derek Spicer, Officer Corley, Sergeant Coody and Detective Coble, in their individual and official capacities. (ECF No. 8). Jones – who describes himself as a "champion for the rights of the citizens of Siloam Springs" – alleges multiple violations by these Defendants of Jones' rights protected by the First, Fourth and Fourteenth Amendments, violations of the Arkansas Civil Rights Act, and the torts of abuse of process and malicious prosecution. Defendants answered on December 19, 2024, (ECF No. 16) and all parties consented to the jurisdiction of the undersigned. (ECF No. 29). In light of the Defendants' pending motion for summary judgment filed on December 16, 2024 (ECF No. 44), this matter was removed from the Court's trial docket. (ECF No. 68). For the reasons stated below, Defendants' Motion for Summary Judgment will be **granted** on Jones' 1983 claims and judgment entered in favor of Defendants; Plaintiff's state law claims will be dismissed without prejudice as the Court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

**Standard of Review**

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in

the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**Undisputed Material Facts**

In support of their Motion and in compliance with Rule 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas, Defendants filed a Statement of Undisputed Facts with (34) supporting exhibits. (ECF No. 46). Under Rule 56, once the moving party meets its burden of production, the nonmoving party must go beyond the pleadings and show by depositions, affidavits, or other evidence "specific facts which create a genuine issue for trial." *See Mosley v. City of*

*Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation marks omitted). The opposing party – here, Jones – may not simply point to allegations made in his complaint but must identify and provide evidence of "specific facts creating a triable controversy." *Jaurequi v. Carter Mfg. Co.,* 173 F.3d 1076, 1085 (8th Cir. 1999) (internal quotation marks omitted).

Jones has not satisfied this requirement – he has not filed any objections to Defendants' Statement, has not pointed out genuinely disputed material facts which preclude judgment and/or require a trial, and has not presented any Affidavits or other evidence for the Court to consider in connection with his response to Defendants' Motion. The Court thus finds that Defendants' Statement of Undisputed Facts have been admitted. *See* Local Rule 56.1(c). Nevertheless, not all of the undisputed facts are relevant to the Court's determinations; relevant admitted facts are referenced below.

**Section 1983**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Plaintiff alleges Defendants were acting under color of law and Defendants do not dispute that their actions were under color of law. The remaining questions are whether the Defendants violated Jones' constitutionally protected rights.

**Fourth Amendment**

Construing Jones' Amended Complaint in the light most favorable to him, the Amended Complaint makes only one plausible claim for violation of the Fourth Amendment – Defendant Officer Corley's May 16, 2022, arrest of Jones for breaking and entering and theft of property. The remainder of Jones's allegations regarding "stops without probable cause" and officers stopping and parking in front of his house or questioning him lack sufficient detail for analysis. (ECF No. 8, p.3).

With respect to the May 16, 2022, arrest, the following information was in the possession of law enforcement and has not been disputed by Jones:

* Officer Royce Corley filed an incident report detailing that on May 12, 2022, at approximately 4:06 pm, he was dispatched to Amanda Carter's home to discuss a report of alleged harassment. ***ECF No. 46-10, Jones Incident Report 22050097***.

* Carter claimed that as she was coming home, her friend Blake Jones was waiting at the end of the street. Carter claims Jones had attempted to cut her off and was doing this because she had stopped talking to him. Carter claimed Jones had been harassing her lately and previously had taken her phone on one occasion. ***ECF No. 46-10, Jones Incident Report 22050097***.

* Officer Corley's report indicated the following:

> I asked Ms. Carter if she had video of the incident where Mr. Jones took her phone from her, she stated she did. I had Ms. Carter show me the video from May 3rd, 2022, at approximately 1621 hours. I observed Ms. Carter in her car with the window rolled up and Mr. Jones standing by the driver side door. I observed Ms. Carter telling Mr. Jones to go away multiple times. I observed Mr. Jones say multiple times he could not hear Ms. Carter and then motioned with his hand for Ms. Carter to roll down her window because he could not hear her. I observed Ms. Carter roll down the window slightly, just enough to talk to Mr. Jones, and begin telling him to go

> away. I observed Mr. Jones grab the window as she rolled it down and stated, "Now you listen to me." I observed Mr. Jones reach inside the vehicle and grab the phone, rip it out of Ms. Carters hands and began walking away leaving the property and into the roadway. I observed Mr. Jones start running away and get into a vehicle, and then exit the vehicle and start walking back. I observed Mr. Jones place the phone back on top of Ms. Carters vehicle and began leaving the property. I observed Ms. Carter pick her phone up and tell Mr. Jones to stay off her property and turned the video off. Ms. Carter stated Mr. Jones placed the phone back on top of the vehicle when she was going to the neighbor's house to call the police. ***ECF No. 46-10, Jones Incident Report 22050097***.

* In the video, Jones can be seen texting something on his phone and holding a cigarette while Carter repeatedly tells him to get away from her car; Jones claims he cannot hear; Carter rolls down the window, repeatedly telling Jones to get away; Jones reaches inside the car and grabs Carter's phone. ***ECF No. 46-11, Video of May 3, 2022, Encounter 0:00-0:30.***

* Jones takes Carter's phone and runs away while Carter chases him. Carter asks for her phone back, and Jones refuses. At that point, Carter asks her neighbor for her neighbor's phone to call the police. ***ECF No. 46-11, Video of May 3, 2022, Encounter, 0:30-1:00.***

* About twenty seconds after Carter decides to call the police, Jones places Carter's phone on her car, and she retrieves her phone thirty seconds after Jones drops it. ***ECF No. 46-11, Video of May 3, 2022, Encounter, 1:00-2:12.***

* Officer Corley reported that he ascertained the value of Carter's phone from the internet and filed for a warrant against Jones for breaking or entering, Ark. Code. Ann. § 5-39-202, and theft of property, Ark. Code Ann. 5-36-103 on May 12, 2022. Jones was notified that he was barred from Carter's address. ***ECF No. 46-10, Jones Incident Report 22050097***. ***ECF No. 46-12, Jones Supplement 22050097***.

* On May 16, 2022, an arrest warrant was signed by a Circuit Court of Benton County judge, the Plaintiff was arrested, and his court date was set on June 20, 2022. ***ECF No. 46-12, Jones Supplement 22050097***.

The undersigned notes that Defendants' Statement of Undisputed Facts includes a substantial amount of pre-arrest and post-arrest contact between Jones and the Carters (including efforts by Jones to

have one or both of them arrested during June 2022); pre-arrest and post-arrest contact between Jones and the Siloam Springs Police Department; and allegations by Jones suggestive that he and Mrs. Carter had a lengthy, complicated and messy relationship. Regardless, the Court finds most of these facts immaterial to whether Jones's arrest on May 16, 2022, violated the Fourth Amendment.

Here, a warrant for Jones' arrest was issued by Benton County Circuit Court Judge Schrantz. (ECF No. 46-12). Arrest pursuant to a warrant is the preferred method for a Fourth Amendment seizure. *Steagald v. United States*, 451 U.S. 204, 212 (1981). The determination of probable cause by an independent magistrate is given great deference by reviewing courts. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Thus, the issuance of an arrest warrant establishes probable cause for Jones' arrest. *See, e.g., Wood v. Wooten*, 986 F.3d 1079 (8th Cir. 2021).

Jones offers argument but no evidence that Officer Corley made deliberate falsehoods or acted in a reckless disregard for the truth when submitting the "Facts Constituting Probable Cause" to Judge Schrantz to obtain the arrest warrant for Jones. (ECF No. 46-12); *Howe v. Gilpin,* 65 F.4th 975, 979 (8th Cir. 2023) (no facts in the record support a deliberate falsehood was the basis for the warrant affidavit). Jones contends Officer Corley should have included additional historical context regarding the relationship between Jones and the Carters when seeking the warrant on May 12; however, there is no indication Officer Corley knew the full extent of the relationship between Jones and the Carters until perhaps May 22, or even as late as May 26, 2022. (ECF No. 46, ¶¶ 21-29). "In a warrant affidavit, the government need only show facts sufficient to support a finding of probable cause." *United States v. Ozar,* 50 F.3d 1440, 1445 (8th Cir. 1995) (quotation omitted); *see United States v. Knutson*, 967 F.3d 754, 760 (8th Cir. 2020); *Murray v. Lene*, 595 F.3d 868, 872 (8th Cir.

2010). A law enforcement officer does not "violate a clearly established constitutional right by omitting information from a warrant application that he does not actually know, even if the reason is his own reckless investigation." *Hartman v. Bowles,* 39 F.4th 544, 545 (8th Cir. 2022).

The information known to Officer Corley was presented to Judge Schrantz who, upon review, authorized the arrest warrant. (ECF No. 46-12). The party attacking a warrant affidavit "must show that the omitted material would be clearly critical to the finding of probable cause." *United States v. Jacobs,* 986 F.2d 1231, 1235 (8th Cir. 1993) (quotation omitted). Jones has failed to point out what Officer Corley knew at the time he presented the warrant to Judge Schrantz but omitted from the application that would have caused Judge Schrantz to decline issuance of the arrest warrant. The Court finds Officer Corley did not violate the Fourth Amendment.

**First Amendment**

A deferential reading of Jones' Amended Complaint supports that he is making three (3) distinct allegations that his First Amendment rights were violated: (1) Jones says he was arrested on May 16, 2022, due to a retaliatory animus on the part of the City resulting from Jones' adversarial prior relationship with the Siloam Springs Police Department; (2) Jones says his freedom of religion was impeded when the Siloam Springs Police Department prevented him (on an unknown date) from walking past the Carters' house en route to church; and (3) Jones says his rights were violated when Chief Gilbert barred Jones from a Siloam Springs City Council meeting on August 3, 2021.

"The First Amendment prohibits laws 'abridging the freedom of speech.'" *Houston Cmty. Coll. Sys. v. Wilson*, – U.S. –, 142 S. Ct. 1253, 1259 (2022) (quoting U.S. Const. amend. I). Thus, "as 'a general matter,'" the First Amendment "prohibits government officials from subjecting individuals to 'retaliatory actions' after the fact for having engaged in protected speech." *Id.* (quoting

*Nieves v. Bartlett*, – U.S. –, 139 S. Ct. 1715, 1722 (2019)). "To prevail on [a] retaliation claim, the plaintiffs must show that 'they engaged in protected [First Amendment] activity.'" *Molina v. City of St. Louis*, 59 F.4th 334, 338 (8th Cir. 2023) (alteration in original) (quoting *Quraishi v. St. Charles Cnty*., 986 F.3d 831, 837 (8th Cir. 2021)). "If they can make that showing, then the focus shifts to whether the officers 'took [an] adverse action ... that would chill a person of ordinary firmness from continuing in the [protected] activity.'" *Id.* (alterations in original) (quoting *Hoyland v. McMenomy*, 869 F.3d 644, 655 (8th Cir. 2017)). This is an objective test: "[t]he question is not whether the plaintiff [him]self was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done." *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003). Finally, the plaintiff must prove officers "would not have taken the adverse action but for harboring 'retaliatory animus' against the plaintiff[s] because of [the] exercise of [their] First Amendment rights." *Mitchell v. Kirchmeier,* 28 F.4th 888, 896 (8th Cir. 2022) (quoting *Nieves,* 139 S. Ct. at 1722). It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must cause the injury. *Nieves v. Bartlett,* 587 U.S. 391, 398-99 (2019). "Generally, more than a temporal connection is required to present a genuine factual issue on retaliation." *See Tyler v. Univ. of Ark. Bd. of Trs.,* 628 F.3d 980, 986 (8th Cir. 2011) (cleaned up).

(1) With respect to his May 16, 2022, arrest, the Court first notes that Jones has not shown that he was engaged in a constitutionally protected activity when he reached into Carter's car and took her phone, much less an activity protected by the First Amendment. The genesis of Jones' arrest is that Carter summoned law enforcement to investigate her allegations concerning Jones' allegedly improper conduct that occurred on her property. Thus, Jones must establish some other constitutionally protected conduct for which Jones was retaliated against in violation of the First

Amendment – and this he has not done. Despite Jones' assertions, there is no evidence in the record – or any reasonable inference that can be drawn therefrom – that officers "singled out" Jones for arrest or that the arresting officer was personally aware of any of Jones' past interactions with the Siloam Springs Police Department *and* then decided to "single out" Jones for arrest. *See Aldridge v. City of St. Louis, Missouri*, 75 F.4th 895, 900 (8th Cir. 2023). Moreover, Jones was arrested pursuant to a warrant, and the fact that Judge Schrantz reviewed Officer Corley's application for warrant and issued a warrant for Jones' arrest undermines Jones' argument that Officer Corley arrested him due to a forbidden motive. *Galarnyk v. Fraser,* 687 F.3d 1070, 1076 (8th Cir. 2012). Additionally, it does not appear that any exception under *Nieves* is applicable. Jones argues that Officer Corley arrested Jones because of Jones' prior FOIA requests, but Jones provides no evidence to support any temporal relationship between the FOIA requests (many of which were made following Jones' arrest) and Officer Corley's decision to seek a warrant. Jones contends other misdeeds by the Siloam Springs Police Department influenced their prosecution of Jones but Jones fails to present any evidence of a temporal relationship or explain how the May 16, 2022, arrest is retaliation for Jones' prior First Amendment activity. Importantly, the prior litigation which Jones references in his pleadings, and which was resolved in this Court, was a civil rights action against the Benton County Sheriff's Office and Corporal Blaine, and not the City of Siloam Springs or its officers. *See Jones v. Benton County Sheriff, et al.*, Civil No 5:22-05030.

(2) With respect to the alleged infringement of Jones' religious freedom, a charitable reading suggests that Jones alleges a protective order obtained by Carter prompted "threats" from the Siloam Springs Police Department that Jones would be "imprisoned" if "he went to church or walked in his neighborhood," as Jones and Carter attended the same church and lived in the same

neighborhood. (ECF No. 8, pp. 16-17). Jones' cross-motion for summary judgment – construed as a response to Defendant's motion – references the City's alleged interpretation that the protective order restricted Jones from attending church but neither Jones' Amended Complaint or response provides any additional details and Jones has not proffered an Affidavit for the Court's consideration. (ECF No. 54, pp. 6-7). Jones does not say and the Court cannot infer which Siloam Springs police officer might have discouraged Jones from attending church.

The only similar allegation is entirely unrelated to the exercise of religion: According to Officer Corley, Carter called the Siloam Springs Police Department on May 26, 2022, to report Jones was campaigning on or near their property. With respect to this incident, the undisputed evidence is that Officer Corley responded and advised Jones the protective order precluded Jones from going onto the Carters' property or making contact with Carter but did not preclude Jones from campaigning away from the Carters' property. (ECF No. 46, ¶ 23). Apparently, no mention was made of church/religious exercise as this incident arose in the context of campaigning.

The undersigned finds no evidence in the summary judgment record that anyone in the Siloam Springs Police Department advised Jones he could not attend church, and/or walk by the Carters' property en route to church. Even if Jones was told he could not attend church with Carter, Defendants says dismissal is proper, arguing that a person of ordinary firmness would not have been chilled from exercising their First Amendment rights, *see Scheffler v. Molin,* 743 F.2d 619, 621 (8th Cir. 2014). While Defendants may be legally correct, the Court finds constitutional analysis is not required where Jones' allegation (i.e., that his religious freedoms were violated) is entirely unsupported by any evidence before the Court. As noted above, a party opposing summary judgment must "cit[e] particular materials in the record" or show that the "materials cited do not establish the

... absence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "A mere 'scintilla of evidence' is insufficient to defeat summary judgment, and if a nonmoving party who has the burden of persuasion at trial does not present sufficient evidence as to any element of the cause of action, then summary judgment is appropriate." *Wagner v. Campbell,* 779 F.3d 761, 766 (8th Cir. 2015), quoting *Brunsting v. Lutsen Mountains Corp.,* 601 F.3d 813, 820 (8th Cir. 2010). Here, the Court has nothing more than Jones' non-specific allegation that his religious freedom was trampled and this is entirely insufficient to establish a constitutional violation.

(3) With respect to Jones' claim that he was barred by Chief Gilbert from a Siloam Springs City Council meeting on August 3, 2021, the undersigned finds this Court has held that city council meeting are public forums. *See Schnekloth v. Deakins,* 2022 WL 105038, at *5 (W.D.Ark. April 7, 2022). Despite this, the record includes no evidence that Chief Gilbert actually barred Jones from this particular (August 3rd) or any other city council meeting. Defendants argue that, even had Chief Gilbert barred Jones from this meeting, an ordinary person would not be chilled from exercising his First Amendment rights and in fact, Jones was not chilled as it is undisputed Jones attended the August 17, 2021, City Council meeting, was recognized and spoke about his complaints (including his complaints regarding Chief Gilbert) and was then thanked for his remarks by the City Council. (ECF No. 46, ¶ 12, including YouTube link to meeting footage).

"The First Amendment guarantees wide freedom in matters of adult public discourse," *Bethel Sch. Dist. No. 403 v. Fraser,* 478 U.S. 675, 682-83 (1986), and criticism of public officials and the administration of governmental policies "lies at the heart of speech protected by the First Amendment." *Williams v. City of Carl Junction*, 480 F.3d 871, 874 (8th Cir. 2007). Retaliation by a government actor in response to such an exercise of First Amendment rights forms a basis for §

1983 liability. *Pendleton v. St. Louis County,* 178 F.3d 1007, 1011 (8th Cir.1999). Nevertheless, "[t]he ordinary-firmness test ... is designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir. 2003) (citation omitted).

"The 'ordinary-firmness' test is an 'objective one, not subjective.'" *Santiago v. Blair,* 707 F.3d 984, 992 (8th Cir. 2013) (quoting *Garcia,* 348 F.3d at 729). The question is not whether the person himself was deterred, but "[w]hat would a person of 'ordinary firmness' have done in reaction to the [adverse action]?" *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) (alteration in original). A defendant making harassing, derogatory, and humiliating comments is "insufficient to deter a person of ordinary firmness from continuing to speak out." *Naucke v. City of Park Hills*, 284 F.3d 923, 928 (8th Cir. 2002). However, a state actor using "the punitive machinery of government" to inflict "concrete consequences" is sufficient to chill a person of ordinary firmness from continuing their conduct. *Garcia*, 348 F.3d at 729. Prohibitions from entering government property imposed because of speaking to government officials are "concrete consequence[s]" which are objectively chilling. *Rinne v. Camden Cnty.*, 65 F.4th 378, 383-84 (8th Cir. 2023). Nevertheless, to be retaliation, Chief Gilbert must have been *motivated* by Jones' protected speech. To prove motivation, Jones must prove that a protected act is the "but-for" cause of the state's retaliatory action. *Nieves v. Bartlett*, 587 U.S. 391(2019). Causation is usually a question of fact, unless "the question is 'so free from doubt as to justify taking it from the jury.'" *Ricketts v. City of Columbia, Mo.,* 36 F.3d 775, 779 (8th Cir. 1994) (quoting *Trudeau v. Wyrick,* 713 F.2d 1360, 1366–67 (8th Cir. 1983)); *see also Naucke v. City of Park Hills*, 284 F.3d 923 (8th Cir. 2002).

Here, while Jones' allegation is concerning, Jones falls short of establishing a prima facie case of First Amendment relatiation in connection with the August 3, 2021, City Council meeting. Jones' Amended Complaint was not verified and Jones has presented no Affidavit or other evidence to this Court to create a jury question on whether Chief Gilbert actually barred Jones from entering the meeting and if Jones was barred, Chief Gilbert's retaliatory motivation for the alleged First Amendment violation. Understandably, without being (or having) a lawyer, Jones was disadvantaged in his presentation but the Court cannot overlook the complete failure of proof. Moreover, the evidence is undisputed that Jones was not only present at the August 17, 2021, City Council meeting, but he was undeterred and empowered to complain about the Chief of Police as was his First Amendment right.

For reasons set forth above, the Court finds that Plaintiff has not established any First Amendment violations by any defendant.

**Qualified Immunity**

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity balances two important interests, the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *See Groh v. Ramirez, 540* U.S. 551, 567 (2004) (Kennedy, J., dissenting) (quoting *Butz v. Economou,* 438 U.S. 478, 507 (1978)

(for the proposition qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law")).

Having found no constitutional violation, the undersigned need not delve further into issue of qualified immunity. Where no constitutional violation exists, Defendants are entitled to qualified immunity. *See, e.g., Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (unless the facts having make out a violation of a constitutional right the Defendant is entitled to qualified immunity).

**City of Siloam Springs**

"[U]nder § 1983, local governments are responsible only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986)). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Courts in the Eighth Circuit have "consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *Moore v. City of Desloge*, 647 F.3d 841, 849 (8th Cir. 2011) (quoting *McCoy v. City of Monticello,* 411 F.3d 920, 922 (8th Cir. 2005)). Therefore, because there is no evidence to support Jones' Fourth Amendment or First Amendment retaliation claims, summary judgment in favor of the City of Siloam Springs is proper.

Additionally, Jones has failed to allege the existence of any City of Siloam Springs policy or custom that caused his alleged constitutional violations. *Veneklase v. City of Fargo*, 248 F.3d 738, 748 (8th Cir. 2001). Jones has also failed to allege a basis for municipal liability as a result of a custom or practice of unconstitutional conduct. *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir. 1999). The official capacity claims must be dismissed.

***Brady* Violations**

Jones devotes considerable portions of his pleadings complaining about evidence which was either suppressed or manipulated in some manner by the Siloam Springs Police Department, all in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. *Brady* requires the disclosure of "impeachment evidence as well as exculpatory evidence." *Strickler v. Greene,* 527 U.S. 263, 280 (1999). Even inadvertent failure to disclose may violate this duty, which does not require a criminal defendant's request. *See United States v. Bruce,* 984 F.3d 884, 894 (9th Cir. 2021). Disclosures "must be made at a time when [the] disclosure would be of value to the accused." *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (quoting *United States v. Gordon,* 844 F.2d 1397, 1403 (9th Cir. 1988)). A *Brady* violation has three elements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler,* 527 U.S. at 281–82, 119 S.Ct. 1936. Thus, to proceed with a *Brady* claim, Jones would have to illustrate prejudice by showing that "there is a reasonable probability that the result of the [criminal] proceeding would have been different if the suppressed documents had been disclosed" to Jones. *United States v. Pendleton,* 832 F.3d 934, 940 (8th Cir. 2016) (cleaned up).

Jones' difficulty here is that there was no judicial proceeding that could have been affected by any withheld or manipulated evidence. Arrested on May 16, 2022, it is undisputed that both of the criminal charges against Jones were nolle prossed on September 15, 2023. (ECF No. 46, ¶ 70).

Without a judicial proceeding, Jones cannot show *Brady* prejudice and thus his *Brady* claim fails. *See Parker v. County of Riverside,* 78 F.4th 1109, 1113 (9th Cir. 2023). The Defendants are entitled to qualified immunity as to any alleged *Brady* violations.

**State Law Claims**

Jones has alleged various other state law violations in his Amended Complaint; however, the Court declines to exercise supplemental jurisdiction (28 U.S.C. § 1367) over them and will dismiss them without prejudice.

"A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Since the decision to exercise supplemental jurisdiction over the remaining state law claims is discretionary rather than jurisdictional, the decision is reviewed for abuse of discretion. *Crest Const. II, Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011). District courts should consider such factors as "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims ...." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson v. Miller,* 821 F.3d 963, 971 (8th Cir. 2016) (quoting *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004)).

A Judgment will be contemporaneously entered.

**IT IS SO ORDERED** this 4th day of June 2025.

Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE